UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA F.,

                         Plaintiff,

v.                                                                            CASE # 1:21-cv-00196

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                               MELISSA M. KUBIAK, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               ROBERTA G. BOWIE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   SERGEI ADEN, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, and this matter is REMANDED for further administrative proceedings consistent with this order.

**I.      RELEVANT BACKGROUND**

    **A.      Factual Background**

Plaintiff was born on September 5, 1959 and has at least a high school education. (Tr. 222, 245). Generally, plaintiff's alleged disability consists of back problems, leg pain and weakness, side effects of chemotherapy, arthritis, and carpal tunnel syndrome. (Tr. 244). Her alleged onset date is September 30, 2017, and date last insured was December 31, 2024. (Tr. 24, 222)

    **B.      Procedural History**

On August 28, 2018, plaintiff applied for a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 188). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On March 2, 2020, plaintiff appeared via video teleconference before ALJ Bryce Baird. (Tr. 43-78). On March 23, 2020, ALJ Baird issued an unfavorable decision finding plaintiff not disabled under the Social Security Act. (Tr. 19-36). On December 3, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

    **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
2. The claimant has not engaged in substantial gainful activity since September 30, 2017, the alleged onset date (20 CFR 404.1571 et seq.).
3. The claimant has the following severe impairments: degenerative disc disease of the cervical, lumbar, and thoracic spine, status post thoracic fusion in 2017, and obesity (20 CFR 404.1520(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can lift and carry 10 pounds occasionally and 5 pounds frequently. She can sit for up to 6 hours in an 8-hour workday and can stand or walk up to 2 hours in an 8-hour workday. She can occasionally climb ramps or stairs but can never climb ladders, ropes, or scaffolds. She can occasionally balance or stoop but can never kneel, crouch, or crawl. She can frequently handle and finger bilaterally. She must use a hand held assistive device for uneven terrain or prolonged ambulation. She can never be exposed to excessive vibration.
6. The claimant is capable of performing past relevant work as an accountant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
7. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2017, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 19-36)

## II.     THE PARTIES' BRIEFINGS

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ impermissibly cherry-picked the opinion evidence and developed an RFC that was based on his own lay judgment. (Dkt. No. 5 [Plaintiff's Memo of Law]).

### B.     Defendant's Arguments

In response, defendant argues the that the RFC is supported by substantial evidence. Specifically, defendant asserts the ALJ's RFC findings do not need to perfectly correspond with any of the medical opinions. (Dkt. No. 6 at 14 [Defendant's Memo of Law]).

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial

evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff contends the ALJ improperly evaluated the opinion evidence when he formulated his RFC, which resulted in an RFC determination that was not supported by substantial evidence. Specifically, plaintiff argues that the ALJ, among other things, erred in failing to properly consider the consistency of the favorable opinion evidence and instead relied on an inconsistent opinion of a non-examining expert. (Dkt. No. 5 at 15-25). The Court concurs.

Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of

5

examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at § 404.1520c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *Salleh D. v. Comm'r of Soc*. Sec., No. 1:20-CV-01271 EAW, 2022 WL 18595, at *4 (W.D.N.Y. Jan. 3, 2022). "Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Commissioner*, No. 1:20-CV-1428 (WBC), 2022 WL 3701161, at *10 (W.D.N.Y. Aug. 26, 2022).

Here, in determining plaintiff's RFC, the ALJ relied on a February 8, 2019 medical opinion of State agency medical consultant J. Poss, M.D. The ALJ found persuasive Dr. Poss's opinion that plaintiff was capable of occasionally lifting and carrying 10 pounds, standing and/or walking for a total of two hours, and sitting for about six hours total in an eight-hour workday. (Tr. 104). Dr. Poss concluded that plaintiff was capable of less than sedentary work, and that she was not disabled. (Tr. 108). However, less than two months earlier, Dr. Poss concluded that plaintiff was capable of less than sedentary work, and that she was disabled as of September 30, 2017. (Tr. 92-93). Indeed, on December 24, 2018, Dr. Poss reviewed plaintiff's record and opined that plaintiff was capable of standing and/or walking for significantly less than two hours total, sitting for two hours total, and occasionally lifting 10 pounds. (Tr. 88). Dr. Poss opined that plaintiff could only stand for less than one hour due to use of a cane, status/post thoracic myelopathy, morbid obesity, and low back pain. *Id*. Dr. Poss further opined that plaintiff could sit for two hours or less due to

the need to change positions, and that she required frequent rest intervals to change positions. *Id.* While the ALJ does not discuss why Dr. Poss changed his opinion, the record indicates he changed it because medical consultant Nancy Armstrong, M.D., from the Commissioner's Dallas Regional Office (DRO) reviewed the disability and RFC finding on January 28, 2019, concluding that the findings were not reasonable and/or supported by the evidence in the file. (Tr. 907, 909)[1].

Dr. Armstrong referenced plaintiff's encounters with her treating sources, including reports that sitting relieved her low back pain. (Tr. 906-07). In addition, Dr. Armstrong noted that significant limitations were inconsistent with plaintiff's report to Susan Santarpia, Ph.D., during the consultative psychiatric evaluation in December 2018 that she was "currently employed part time as an accountant." (Tr. 906 *referring to* Tr. 889, 891). The ALJ interpreted Dr. Armstrong's opinion to be that the plaintiff can only perform sedentary work two days per week, but that is inconsistent with her conclusion that the record did not support prior limitations that prevented work. (Tr. 32). Still, the ALJ found the entire opinion unpersuasive in a broad statement that did not identify specific evidence. (*Id.*). In the explanation section of the form, Dr. Poss supported his original 2018 opinion with citations to the record but on the 2019 form the same evidence was cut and pasted with no additional evidence or discussion. (*Compare Tr.* 90 to Tr. 105-06). Dr. Poss rendered no treatment nor was there a change in plaintiff's condition between the December 2018 and January 2019 opinions, yet the ALJ never reconciled the inconsistencies despite the requirement to address supportability and consistency.

---

[1] The Act requires the agency to perform a pre-effectuation review of at least 50 percent of all initial and reconsideration allowances for Social Security and SSI disability for adults, and these pre-effectuation reviews allow the agency to correct errors before issuing a final decision. See Statement of Carolyn W. Colvin, Acting Commissioner of Social Security Administration before the House Ways and Means Committee Subcommittee on Social Security, available at
<https://www.ssa.gov/legislation/testimony_011614.html>(visited January 31, 2024); see also 42 U.S.C. § 421(c)(2-3)(A)(i) (The Commissioner shall review at least 50 percent of all State agency determinations that individuals are under disabilities before these determinations are implemented).

The ALJ rejected Dr. Poss's first opinion finding disability, then rejects Dr. Armstrong's intervening opinion disagreeing with Dr. Poss, and then finds as persuasive Dr. Poss's second opinion of no disability. Unquestionably, Dr. Poss revised the second opinion to comply with Dr. Armstrong's intervening opinion.

Not only was Dr. Poss's 2019 opinion inexplicitly inconsistent with his earlier opinion, but it was also inconsistent with the remainder of the medical opinion evidence pertaining to plaintiff's physical impairments. In addition to the two opinions from Dr. Poss, the record contained three opinions from treating physician, Dr. Riedy (Tr. 1394-01; Tr. 1426), one from treating physical therapist Julie Williamson (Tr. 1389), and one from consultative examiner Dr. Dave. (Tr. 894-97). Each opinion had greater limitations than found in the ALJ's RFC, but ALJ Baird rejected all limitations that would preclude work. Indeed, the RFC does not need to mirror a medical opinion but rather must consider the record as a whole. *Jami S. v. Comm'r of Soc. Sec.*, 2021 WL 614634, *3 (W.D.N.Y. Feb. 17, 2021) ("[W]hen an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions").

Most notably, Dr. Riedy issued three opinions and submitted nearly an additional 250 pages of medical records of treatment, including multiple MRIs and CT scans, neurosurgery consultations, and pain management consultations, to support her opinions. In part, the ALJ found the opinion unpersuasive because it was a check-box form and had little to no description for the limitations given. (Tr. 33). However, Dr. Riedy referred to attached MRIs, neurosurgery consultations, and pain management consultations to support the two opinions that included narrative portions, in addition to the check box-sections. (*See* Tr. 1399). Notably, the attached documents that Dr. Riedy referred to were submitted by her office with the opinions. (Tr. 1125-1372). The records submitted by Dr. Riedy also include repeated references to plaintiff's antalgic

gait and her using an assistive device to walk. (*See*, e.g., T. 1237; 1242; 1267; 1287; 1293). Furthermore, it was improper for the ALJ to discount the opinion because of the check-box format, particularly when supported by additional explanation and records. *See Carmen M. v. Commissioner of Social Security*, 2021 WL 5410550, at *6 (W.D.N.Y. Nov. 19, 2021) (remanding where ALJ improperly discounted medical opinions for "consist[ing] of generally circled form limitations or short answer descriptions of those limitations" where the opinions were accompanied by examinations or identified signs and symptoms, and holding that "the checkbox format of the opinions did not render the opinions unsupported or unexplained").

Because I find that the ALJ erred in his assessment of the evidence of record, and that remand for further proceedings and the issuance of a new decision is necessary, I decline to reach plaintiff's alternative arguments.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: January 31, 2024  　　　　　　　　　　　　*J. Gregory Wehrman*
Rochester, New York  　　　　　　　　　　　　　HON. J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge